In the prior argument, the Court properly identified a number of serious problems with the regulatory regime surrounding notices to appear. Section 1229 of the United States Code, Title VIII, requires that notices to appear contain the time and place of the immigration hearing. Now, the immigration authorities, for approximately the past 22 years, have ignored that requirement and have issued notices to appear that do not contain that information. Now, confronted with the repercussions of that failure, they're asking this Court to accept their post hoc rationalization that the statute does not require that information or that that information is not required in notices to appear that are filed in immigration court, and that the regulations alone govern the content of those notices to appear. This Court should reject that position and recognize that the indictment charging Mr. Cortez with illegal reentry must be dismissed because the deportation that serves as the basis for that indictment was void ab initio, because the immigration court acted outside of its jurisdiction, and I will talk about jurisdiction in this argument. Its decision is ultra vires and can't satisfy one of the elements of 8 U.S.C. 1326, prior deportation. Now, this Court doesn't need to reach the requirements for collateral attack under 1326D, but if it does, those requirements still mandate dismissal here. Well, at the risk of repeating what we did before, why don't you tell us what your take is on the jurisdictional question? Certainly, Your Honor. So with respect to the question of jurisdiction, I point out that no one to this point, and none of the three circuits that have addressed this, the immigration consequences of these cases, has recognized the effect of the transitional statute under IRA-IRA. This is when, in 1996, when the Immigration and Nationality Act was amended to include the notice to appear, basically changing the prior process, which had been a two-step process, where immigrants were initially served with an order to show cause and then received a second notice of hearing. Congress changed that with the enactment of IRA-IRA to require a notice to appear and specifically stated in the notice to appear, and put the time and place of the hearing in that. Now, because this was a big, complicated transition, Congress, in the same statute that enacted IRA-IRA in Section 1309, enacted a transitional rule as to how that transition would occur. And as part of that transitional rule, they addressed the jurisdictional effect of the notices. And they said the default rule would be that proceedings begun under the old notice would continue under the old notices, but the Attorney General could elect to proceed under the new notice. If he elects to proceed under the new notice, quote, the notice of hearing provided to the alien under Section 235 or 242 of such Act, the old notices, shall be valid as if provided under Section 239 of such Act, as amended by this subtitle, the new notice to appear provision, to confer jurisdiction on the immigration judge. Congress, in the same enactment, in the same Congress, it's not codified, but it is statute, referred to the notice in Section 239, which is the 1229 notice to appear, as conferring jurisdiction on the immigration judge. So Congress has spoken clearly on this point. We don't need to reach any kind of Chevron deference question, because this answers the first question of Chevron, has Congress spoken clearly? Congress has spoken clearly on this point. If there were any question about that, and about the effect of that, it's also worth noting that, and the other point that was not considered by the prior circuit decisions on the, in the immigration cases, was that the regulations that the Homeland Security is relying on, the regulations that contain the requirements for the notice to appear, and also the regulation that at 1003.18.18, which is the regulation that requires the notice to appear to contain the time and place of the hearing, if practicable. Both of those regulations were enacted in order to implement that, the notice to appear time and place requirement. And we know that because in the Federal Register, where the enactment, where the proposed regulations were promulgated, the Attorney General stated that the proposed rule, and the proposed rule includes the notice to appear requirements, implements the language of the amended act indicating that the time and place of the hearing must be on the notice to appear. So the arguments made, and the position. Can I just say, the regulatory history that you bring to bear, it's very interesting, and it seems like it would be extremely relevant if the regulation had left undefined what an NTA had to include, because then you might assume from the history and from the statute they probably meant it to be the same thing. But in light of the fact that the regulation sort of goes on and says, oh no, when we use the phrase NTA, we're talking about something different, has the same name, but it's a different thing. I'm not sure we can get past that by looking at the history. Do you see what I'm saying? I see what you're saying, Your Honor. The regulation itself does not actually say we're talking about something different. It talks about a notice to appear. But it's clear it's talking about something different because it defines it differently. The only difference in the definition between 1229 and 1003.15 is that 1003.15 doesn't contain the time and place requirement. I think it may contain one extra requirement that's escaping my mind now, too. But what the regulation then does is, in a separate regulation, 1003.18, they go on to say the notice to appear shall contain the time and place of the immigration hearing where practicable. So on one hand you have the statute that says shall contain, and on the other hand you have the regulation that says shall contain where practicable. If it were called something other than a notice to appear in the regulation, if it were called like a commencement notice, would your argument be the same? I mean, it just seems like a whole lot is riding on the fact that they use the same term. I think the fact that they use the same term is certainly relevant to the Court's consideration when they are, the regulation was promulgated after the notice to appear in direct response to that. Relevant is not necessary, though. So that's the question. Well, to go to the second point, there's other indicia aside from the fact that they're using the same term that they're talking about. So even if this were called a commencement notice, a notice of commencement, sounds like a graduation announcement, but a commencement notice, your argument would be the same? I think my argument would be the same, but it would be weaker.  Well, the statute, the statute doesn't define what's required to be contained in those. But they don't include time and place of the hearing. So doesn't it have to be your argument that those are not sufficient to vest jurisdiction in an immigration judge? I thought you said only something that includes time and place can vest jurisdiction. Only a notice to appear that contains time and place. And I want to make sure But if it's not a notice, so they can vest jurisdiction with just a thing that says, here, you have jurisdiction. Well, those are proceedings. Those are, and I want to make sure we understand that those other documents, the Immigration and Nationality Service can't opt to use those documents just whenever it wants to. The notice to appear is the document that initiates removal proceedings. Those other notices initiate proceedings, but they're different kinds of proceedings. But they vest the IJ with jurisdiction. Yes. Okay. So it is not necessary. The IJ, under this regulation and under the statute, you're fine. The IJ can have jurisdiction even if the immigrant has not been served with something that gives him the time and place of the hearing. It's only if you call it a notice to appear that you have a problem. A notice to appear, yes, Your Honor. So it really does seem like if the agency wanted to fix this, what you see as the problem, they could just call this thing something else. Well, that might be true, but that's not what they were doing. The court, as the Supreme Court recognized in Michigan versus EPA, the courts can only affirm agency action and agency rulemaking based on the grounds that the agency itself used. Here, the agency said, we are implementing the content of the statute with our rulemaking. These rules are intended to implement the time and place requirements of the notice to appear. And they don't. The agency's position was, we'll do it where practicable. We should have everything done by 1997, barring emergencies, power outages, computer crashes, downtime, as what is stated in the regulation. Now, as the Supreme Court recognized in Pereira, as a practical matter, almost 100% of the notices to appear lack this information. The agency plainly did not implement the requirements of the regulation. I thought that was just because everything is so backed up that, you know, they docket these cases, but there's not going to be a hearing for two years. So why, like, pick a date now? In removal proceedings, just as a practical matter, that's not necessarily true. Removal proceedings will proceed much faster, especially if the alien is incarcerated or detained, as it were. But in lots of cases, it takes a while to get a hearing, right? Not necessarily, Your Honor. I think it depends. So it's not true that in many cases it takes a long time to get a hearing. And I think the practicalities of this are something that... I'm not talking about the practicalities. I'm just saying, why can't the agency have a rule that says we're going to docket these cases when we know that down the road there will need to be a hearing? We're going to shift everything from DHS and ICE over to the IJ. We're going to put it on the calendar. We're going to let IJs manage their calendars. Now they know, down the road, there's going to have to be a hearing. And when the hearing gets close, we'll tell the immigrant. We'll make sure the immigrant has perfectly good notice. I don't understand why that's not a perfectly sensible way for the agency to organize its affairs. It could be, Your Honor, but that's not actually how the agency chose to do it. Well, it looks a lot. I just basically described the regulation. Well, Your Honor, what the regulation states is, as we've said, that this will be contained where practicable. But the regulation is not on all fours with the requirement of the statute. I think the statute just says that in order to do something... I'm nervous about using jurisdictional language. But in order to give the immigrant adequate notice so that it's fair to have a removal hearing, you have to be sure that he knows, he or she knows where and when to show up. And the regulation provides for that. But I don't understand why that has to be at the same time that you docket the case with the IJ, so that the IJ can do a bunch of other administrative work that doesn't require the immigrant's presence. Well, two things I would note about that comment. First, I think that goes more to the question of, well, I hate to bring another form of jurisdiction into this personal jurisdiction, which is not the issue before us. And I think the government has agreed that to the degree that we're talking about jurisdiction, we're talking about subject matter jurisdiction. We'll have to ask this government or lots of different government positions. But even... But it looks a lot... Just to somebody who's not involved in this field, this looks a lot more like a personal jurisdiction question. It's not personal jurisdiction, Your Honor, because the regulation and the statute are both talking about the authority of the court rather than the authority over the individual. If you go back to... Wait, wait, wait. You say that, but I don't understand what part of the statute are you talking about where it says, to be clear, we're talking about the authority of the agency and not authority over the individual. Because usually when we're talking about notice and whether notice has been adequate, we are talking about authority over the individual. Well, in this case, I'm talking about in the transitional rules and IRA 309C2, where it's discussing the notice provided under the prior section will be effective to confer jurisdiction on the immigration judge. It's not talking about conferring jurisdiction over the individual. The logic of Pereira similarly indicates that the content of the notice to appear, the notice to appear is required to contain this information. It's not a notice to appear. It's not a defective notice to appear. It's not an incomplete notice to appear. The Supreme Court never said in that case that there's a lack of authority, whatever you want to call it. And it just seems extremely odd to me that they would go through all that and never mention it. Yes, Your Honor. So the Pereira was not a case about jurisdiction. They did not address the jurisdictional question there. But, of course, the necessary logic and reasoning that the court applied in reaching its holding is also binding on future courts. In order to reach the conclusion of whether the stop-time rule was activated, the court first had to determine was the document that Pereira received in that case a notice to appear. Right. But your argument is not a personal jurisdiction argument. It's a there's no authority here, whether whatever we call it, jurisdiction or something else. And I'm not sure I understand how the Supreme Court could have proceeded in Pereira if there was no authority. I see my time is up. May I finish? Yes. Answer the question? Your Honor, the courts have recognized that they should not treat the jurisdictional question as being decided where the Supreme Court did not directly rule on it. In United States v. L.A. Tucker track lines, the Supreme Court noted that in exercising its own jurisdiction, the court is not bound by a prior case where jurisdiction was not questioned and was passed sub salientio. I think that is the case that happened in Pereira. But the reasoning of the Supreme Court in determining that the notice to appear was the putative notice to appear was not in fact a notice to appear because it lacked the essential elements of a notice to appear is binding on this court in determining whether the charging document in immigration court in Mr. Cortez's case, vested jurisdiction with the immigration court such that this court, such that the United States can now deport him based on that faulty administrative proceeding. Thank you. Good morning, Your Honors. May it please the court. My name is Laura Rottenborn on behalf of the United States. I'd like to try to clear up some of the confusion discussed this morning regarding the differences between authority, jurisdiction, and due process rights. I think there has been a conflation of those three distinct concepts. It is the government's position that the statute provides the grant of general authority to the immigration court system to conduct removal proceedings. And that is 1229A. There's a separate question. So are you speaking for all the government now? Well. Does that seem to be some degree of confusion with the previous lawyer for the government? Yes. We have coordinated and I have spoken with the attorneys from that office as well. I believe our position is consistent, although perhaps I can help clarify the specifics of the position. I don't believe we have inconsistent positions. Perhaps there's some semantic differences. Ultimately, I believe the government's position is relatively uniform. And so which specific statute do you say grants the authority? The general authority? 1229. 1229AA? Is that what you're saying? 1229A. Can you read me the language? Yes, Your Honor. 1229A provides the general statutory authority for an immigration judge to, quote, conduct proceedings for deciding the inadmissibility or deportability of an alien. Yeah. That's 1229AA. Yes, Your Honor. Okay. Subparagraph one. Discussed on page eight of the government's brief in this case. There's the second question then of when an immigration court, which of course is a court within the Department of Justice, may actually be vested with the jurisdiction to hear a specific case, a charge levied by the Department of Homeland Security seeking to remove an alien from the United States. And that vesting of jurisdiction with the immigration judge in that case is governed by the regulation. There is a third wholly separate and distinct inquiry as to what types of due process rights the alien who is undergoing that removal proceeding must be afforded. And the notice requirement, specifically the notice to appear at that hearing specifying the time, place, and date of that hearing, goes to the due process rights that must be afforded to the alien and is not relevant to the inquiry of the general statutory authority granted to the immigration court and the vesting of jurisdiction within that court to preside over a specific removal proceeding. Well, you have three steps, and I understand the first one and the third one. I'm not sure I understand the second one, which seems to be crucial to what you're saying. Remember, you start with a statute. Yes, Your Honor. Okay. Now, what's your next step? The second step is the vesting of jurisdiction with an immigration court to hear the removal proceeding. Well, it seems to me that, yes, the immigration court has jurisdiction because it has jurisdiction because of the statute. Right? Yes, Your Honor. But then to hear the proceeding, it seems to me that then you have to get what in another world would be called personal jurisdiction over the alien. And that's with the third step. So I don't know what the second step does. I think what's difficult in this context is that we're not in an Article III world. I understand. The federal courts, of course, get omnibus subject matter jurisdiction, for example, over all offenses against the United States through 18 United States Code 3231. And as a result, we have these two paradigms. We have subject matter jurisdiction, and then we have personal jurisdiction, one, of course, which is waivable, one, of course, which is not. But in this uniquely different Article I context, in an administrative context, we have Congress has to grant the authority to the courts to, as Judge Harris indicated, have jurisdiction to hear certain types of proceedings. I will admit, Your Honor, that I don't think the statute did a particularly good job explaining how that jurisdiction is given to the immigration court, and whether or not there are any triggers that are required in order to vest the jurisdiction. And because the statute is silent, the- It seems like your steps one and two are really just one step. Yeah. And that once this authority is vested, the exercise of that authority, the procedural rules to be followed as this is exercised in its various forms, are what the Attorney General prescribes in these regulations. And perhaps the confusion lies in the choice of the word jurisdiction in the regulation, that they said vest jurisdiction when a charging document is filed with the immigration court. Perhaps what would have been more precise and more helpful is if the regulation said what commences the removal proceeding is the filing of the charging document with the immigration court. But if they're all the courts of appeal, and this, you know, maybe this is just what the parties argued in those cases, they all take the same subject matter jurisdiction  They do, Your Honor. And I would note that the courts of appeal have slightly different holdings. And they are very importantly different. They are. But before we leave the jurisdictional question, there are district courts who have been wrestling with this issue about why are we talking about jurisdiction at all, right? Yes, Your Honor. Judge Brinkema's decision out of the Eastern District of Virginia and Gomez-Lopez takes a position that has been indicated by this panel. And there's one from Texas as well. We are not the first people ever to say, why is everyone talking about jurisdiction here? Absolutely not, Your Honor. There are multiple district court cases that have resolved this inquiry differently. I do think that within the Fourth Circuit, the only one that I am aware of is Judge Brinkema's decision and Gomez-Lopez. So, I guess we don't understand, excuse me, why the government isn't advancing that position. So I mean, tell us why we're wrong, because we haven't talked, all three of us seem to be in a different place than the government is, but in a place in which the government would prevail. I don't think the government in this case is in a meaningfully different position than Your Honors. I have not taken the position that a removal order that was issued would be then void if the charging document did not comply with the regulation, and we certainly don't think it would be void if the charging document did not comply with the statute. I understand that that was by implication the position of the government attorney who preceded me. I respectfully disagree with her. It is our view that the filing of a charging document, one of any three types of charging documents, with the immigration court, it is not by sending the charging document to the alien. It is by filing the charging document with the immigration court, is sufficient under the regulation, and defects in that. I'm sorry, so step two, the filing of the charging document, and you're right, it's with the court. That is, when you laid out step two, you said that's the separate question of when the IJ has jurisdiction, but you don't really mean jurisdiction. You mean your step two is not jurisdictional? It's vested with the authority to then proceed over that specific case, that specific charge of removability. So it's more like a procedural rule, a claim filing rule. That is my view, Your Honor. Okay. Yes. When that charge is filed. Because steps one and two, I think, or at least de facto, merged. I mean, do you agree with that? I don't believe an immigration court could proceed with a removal proceeding regarding an alien if DHS had not filed a charging document with that specific immigration court. I think then we would have a problem. Then they would be acting outside of their jurisdictional authority. But once DHS files a charging document with that specific immigration court, then yes, I believe they are vested with jurisdiction and may proceed under 1229A and go forward with the removal proceeding. So it is jurisdictional. Okay. Judge Harris asked my predecessor whether a charging document that contained a typo would then render any order that came out of that removal proceeding void. I want to be clear on the record that it is our position that the answer to that would be no. That defects in a charging document do not strip the immigration court of jurisdiction. Just like a defect in an indictment or a defect perhaps in a notice of appeal does not necessarily strip the court of jurisdiction. It may provide the alien in this case or a defendant in other cases with defenses to the litigation. It may provide them with an opportunity to allege that their due process rights were violated or assert some other substantive or procedural defense. But none of those questions are jurisdictional in nature. Now, our brief in this case, because our... So the filing of one of these three documents begins the process for the immigration judge to exercise their authority, is that correct? Yes, Your Honor. So once this document, whether it's the notice to appear or one of the others is filed, what transpires after that in terms of service and all those sorts of things? Are those all procedural or are they something else? I would characterize those requirements as akin to the due process rights afforded to the alien in the removal proceeding. The requirement that an alien be provided with a notice to appear that specifies all of the criteria enumerated in 1229A is a mechanism to protect the alien and afford that alien rights within the removal proceeding, making sure they are made aware of the types of charges that are being levied against them, their right to representation, when and where they must appear in order to defend themselves. Those amount to due process rights, which is why when those rights are violated, aliens then collaterally attack the removal order, alleging a due process violation under 1326D. Any defect in the notice to appear in that sense would be a due process violation or a potential due process violation. So just... So the government's position is that even if one of these charging documents is defective, that does not deprive the IJ of authority to hear the case. Correct, Your Honor. You asked if there was a typo in the charging document, whether or not that was strict jurisdiction. Or a more substantive defect. Or a more substantive defect. I just picked the pickiest one I could think of. But, you know, it could be a more substantive absence. It just omits some of the information it's supposed to have. Nothing that causes a due process violation, but it omits some information. The government's position is that is not a failure of subject matter jurisdiction. Correct, Your Honor. Okay, so it has to be the case then that your step two is not really jurisdictional. That the IJ is authorized to exercise this authority even by a defective charging document. So I guess it's not jurisdictional. That is, of course, hypothetical in this instance because the document here was compliant. But, yes, on the scale of possibilities, had we had a charging document in this case that did not comply with the regulations, the government would argue that that still did not strip the immigration court of jurisdiction. Okay, so this is not, we're not really talking, and that would be because the immigration court already had jurisdiction under 1229AA. It didn't need the charging document to get jurisdiction. To the extent we're going to apply the word jurisdiction to this context, yes, Your Honor. Okay. I do not believe 1229A uses the word jurisdiction. It simply is a grant of authority to preside over removal proceedings. Authority, let's call it authority. I think that's right, statutory authority. Okay. It's correct, Your Honor. It is the statutory authority by which the immigration court may hear and preside over the proceeding. But when you first asserted, and I understand that, and if you're sticking with that, that's just fine. But I just really want to be sure you had three steps. And I thought you said not until the second step had been met was there authority. I did not mean to imply there were three steps. I meant to imply there were three different issues. There's the issue of the statutory grant of authority. There's the issue of what does the regulation mean with respect to vesting of jurisdiction. And then there's a third issue of what do process rights and alien as afforded. And they're not steps. They're three independent inquiries. Yes, that's right. You say they're independent inquiries, but you said you had to, I thought you said, that in the second independent inquiry, as you say, that in order for the court to make this resolution, it had to have some particular, the immigration court had to be particularly, you had to know which immigration court it was you were giving this authority to. If I stated that the immigration court would lack authority to preside over an immigration proceeding without a compliant charging document, I did not intend to say that. Without a designation to them in some way. You don't remember. I guess I can get to JA and look at what you said. I mean, I can look at the recording afterwards. But you don't think you said any of that, right? I did not mean to say what you just said back to me, Your Honor. If I did, I apologize. What does this second? And, of course, our hands are a little bit tied by the fact that the regulation uses the term vest jurisdiction. I don't think you should say your hands are tied by that, because the Supreme Court has said several times, back in the day, people kept talking about jurisdiction, but they meant it colloquially. Like, we're just defining the boundaries here. Does this belong to DHS, or does this belong to the IJ? Sure, jurisdiction. Yes, Your Honor, precisely. So, with respect to the regulation that states that jurisdiction vests at the time the charging document is filed with the immigration court, it is the government's position that that is akin to docketing the indictment at the district court level, and that is what starts the proceeding. Thereafter, a defendant, or in this case an alien, is entitled to certain due process rights. The immigration court already had its authority to at least docket the case before this other document ever gets filed. Yes, Your Honor. I agree with Judge Harris and the rest of the panel that an agency certainly cannot create its own jurisdiction by regulation. Congress must have given it some statutory authority to preside over these types of matters. So, the statute had to have given it the authority in the first instance. So, once this document is docketed, filed, and it's served, however they do that on the immigrant, if there were an attempt to be served, and let's say it has the wrong address, and it's agreed fact the address is wrong, if you analogized it to an Article III world, then the immigrant could make a special appearance and say, this is defective, I don't have appropriate notice. And in that case, the immigration court could not proceed, but it would still have authority if that defect were cured. Yes, Your Honor. Okay. What I think contributes further to the difficulty in this particular landscape is that notice to appear has been the moniker used, both for the notice that is necessary to afford an alien his or her due process rights, as well as the name given to the charging document. And I'd like to just take a moment to emphasize here that the government is not seeking to apply two different definitions for a notice to appear. What has happened is that the document labeled notice to appear is multifunctional. It serves two different purposes. The government has elected to use one document to satisfy both notice to an alien, as well as a charging document to be filed with the immigration court. But just because it is one document serving two different purposes does not mean that the criteria for each purpose is the same. Is there anything in the regulatory history or the text that would suggest to us that that was what was the intent? I understand that's your position, that that was the intent. No, Your Honor. Both the statutory text and the legislative history clearly indicate that the intent was to provide very specific criteria in the notice to appear that is sent to the alien to make sure that that alien is not being deported in absentia improperly. But there is nothing in the legislative history that suggests that the criteria for a charging document needed to also include the time, date, and place of the hearing. Well, but they call them both the notice of appearance. The question I'm asking you, is there anything that says to us, even though we use the same language, notice of appear, and it would seem to be a word of art, we don't mean the same thing in the regulation as we did in the statute? It would have been better to title the document notice to appear and charging document. And then it would have more clearly encapsulated the purpose behind the single document. But the fact that the government chose to use one piece of paper as both the notice to the alien as well as the charging document does not mean that the criteria that must be in a charging document suddenly become the criteria that must be in the notice to appear. They are, in essence, either overlapping circles or concentric circles. A notice to the alien must contain certain criteria. The charging document does not have to contain those criteria. Just because one piece of paper is used to satisfy both the notice to appear and the charging document does not mean that suddenly the charging document must now have all of the criteria of the notice to appear in order to be an effective charging document under the regulations. So long as the charging document itself complied with the regulatory requirements, it then triggered everything that follows under 1003.13, 14, and 15. And in this case, Mr. Cortez's case specifically, that's exactly what happened. So really the only really way you can win is if we say that those two, they were intended to do two different things even though each are called notice of appear. No, Your Honor. No. I disagree, Your Honor. Okay. A notice to appear goes in that third bucket of inquiries I was starting with, which is the notice to appear is a right afforded to the alien to make sure the alien has provided adequate notice, can retain counsel, and can show up and defend himself. That is in essence a due process right. And it is wholly irrelevant to the question of when an immigration court has statutory authority to preside over a removal proceeding and whether or not a charging document is sufficiently filed with the immigration court. A charging document does not have to be a notice to appear. A charging document can be one of three different types of materials, and it has certain criteria defined by regulation and regulation alone. And as long as that charging document is compliant with the regulations, there is clearly no question that the immigration court then was properly vested with authority over that matter. We do not have the question here today as to what would happen if a charging document was defective. But because that has been the concern of the panel and goes to the broader question, I wanted to address Judge Harris's inquiry that even a defective charging document would not strip the court of jurisdiction. It may provide the alien with different defenses. Thank you. If the court has no further questions, I am happy to yield the rest of my time. You don't have any more time. Thank you. Thank you, Your Honors. What I heard the government say, for what it's worth, is that the Department of Homeland Security can't proceed against an alien until Homeland Security files a charging document. I thought the government said that once, but not always. I think that gets to the heart of this issue, is that in order to, regardless of the generalized authority of the service to proceed against aliens, in any particular case, they must file a charging document to initiate a case against that alien. No one is contending, as far as I can tell, that they can simply pick somebody up and remove them without that process. Okay, so then where does that get you? Well, that gets me to, because they have to file a charging document, it is that occurrence. Step two in the government's formulation is where the problem is. Because the regulation says jurisdiction vests. And I know jurisdiction can contain multitudes, but I think we have to take the agency at its word when they say jurisdiction vests. I don't think we should ever take an agency at its word if it purports to be defining its own jurisdiction. Well, that is a problem, Your Honor. Okay, well, isn't that a good reason to assume that rather than being lawless, this agency was using jurisdiction in a more colloquial sense? What they said was jurisdiction vests. And having said that, they say, upon the filing of a charging document, and they define a charging document as a notice to appear. Now the government says the notice to appear is really doing two things. And in theory, it would be possible for this to occur. But that's not actually the regulatory regime that the agency has set up. And we know this because of the Attorney General's statements in the Federal Register saying the notice to appear, these regulations, are implementing the time and place requirements of the statute. The regulations that they are referring to to say these are doing something different, these don't have to contain the requirements of the statute, they actually said these regulations are implementing those requirements. And so, of course, the Court can't, it's a foundational principle of administrative law that a court may uphold agency action. So under your theory, they would have to file the notice to appear, serve it on the alien with a date, time, and place to appear, even if they knew, you know, it's going to be two years from now before we have this hearing. Then it would be up to them to ask for a continuance? Well, Your Honor, that's exactly the regime that the statute contemplates. In 1229A2, which is the second kind of notice described in that statute, is a notice of postponement or change of hearing date. They can always change the hearing date. The hearing date is not set in stone. But as the Supreme Court recognized in Pereira, that required that notice of postponement. From a practical standpoint, your theory would require in thousands and thousands of cases that, which is not to say that's not correct, but that the government filed these almost illusory notices to appear, and then, well, it seems like they'd have to. Your Honor, there's nothing that requires them to be illusory. The whole purpose of this statute was to simplify the process for initiating removal proceedings, as recognized in H.R. Rep. 104-469-1 at page 159. The filing the notice to appear will simply change two notices into one, which would, in fact, simplify the process. Regardless of whether we're in the position where we're talking about the jurisdiction of the agency or the authority of the agency, we ultimately get to the same place, which is that no matter how it's framed, as the Supreme Court recognized in FCC, or the city of Arlington, Texas, versus FCC, both agencies' power to act and how they act is prescribed by Congress, so that when they act improperly, no less than when they act beyond their jurisdiction, what they do is ultra-virus. Because it's prescribed by Congress, I mean, the quote you just read explains why a regulation can't vest an agency with jurisdiction. It seems to me that a violation of this regulation would be a defense in a removal proceeding, but I just don't understand how it would be either non-waivable or a basis for a collateral attack on a removal order. I mean, if the agency somehow was out of compliance with these regulations, if we want to assume for a minute that the regulatory NTA requires the same information as the statutory one, so fine, the agency was out of compliance with its own regulations on your reading of the regulations, but that's a defense, but it wasn't asserted here. So why isn't that a waivable defense that would not be grounds for a collateral attack on a removal order? I see my time is up. You can respond to the question. So this Court answered that question in a slightly, not specifically, but in Shogunley v. Holder, which was an unpublished Fourth Circuit case. In that case, the alien was one of the very, very few who actually received a notice to appear that contained the time and place of the hearing. He showed up in immigration court, but the notice to appear had not yet been filed in immigration court. And what the Fourth Circuit said was because the immigration court did not yet have jurisdiction, it could not order Shogunley to do anything. Even though he had shown up, if this were a waivable issue, his presence would have waived that issue. There he was. But you have anything besides an unpublished opinion that is going to help you here? If you'll give me a moment, Your Honor. I think that that is the best argument that I have as to that. But it certainly comports with the general understanding of subject matter jurisdiction and, I might add, the understanding of the immigration courts. The limited review that courts may do or the limited administrative agencies have limited authority. And for that reason, within their authority, they are permitted to act. When they act outside their authority, as by promulgating a regulation that does not comport with the requirements of the statute, then their action is ultra viris and need be given no credence by this court. Thank you very much. Thank you. We will come down and greet the lawyers and then go directly to our next case.
judges: Diana Gribbon Motz, G. Steven Agee, Pamela A. Harris